# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| DIANE COLLINS, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES EAST, LP, <br><br> Defendant. | CIVIL ACTION NO. <br><br> _____ |

## COMPLAINT FOR DAMAGES

COMES NOW Diane Collins, plaintiff in the above-captioned case, and files her Complaint for Damages against Wal-Mart Stores East, LP, defendant herein, respectfully showing the following:

## JURISDICTION AND VENUE

1.

The plaintiff is a citizen of the state of Georgia. The defendant Wal-Mart Stores East, LP is a foreign limited partnership organized under the laws of Delaware with a principal place of business in Arkansas. The defendant Wal-Mart Store East, LP is therefore not a citizen of the state of Georgia. The amount in controversy, without interest and costs, exceeds $75,000.00. As complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, jurisdiction is proper in this Court.

2.

Defendant Wal-Mart Stores East, LP's registered agent for service of process in Georgia is Corporation Process Company, which may be served at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

3.

Venue of this action is properly laid in this Court by virtue of the facts outlined herein and the application of 28 USC § 1391.

## GENERAL ALLEGATIONS

4.

By virtue of the facts hereinafter alleged, defendant has injured and damaged plaintiff Diane Collins in an amount to be determined by the enlightened conscience of an impartial jury.

5.

Defendant owns and operates retail stores in the state of Georgia, and other states, and owns and operates at least one retail store in Thomaston, Upson County, Georgia.

6.

On February 18, 2012, plaintiff Diane Collins was shopping at defendant's store located in Thomaston, Georgia.

7.

As plaintiff exited the defendant's store in Thomaston, Georgia and walked over and through the approach from the store, her feet became entangled in some type of netting, which was attached to a piece of wood.

8.

As a result, the plaintiff fell and sustained multiple and significant injuries.

9.

No signs, cones or other means of warning were in place to notify customers of a problem where plaintiff fell.

10.

Defendant's employees were within clear sight of where plaintiff fell.

11.

Upon information and belief, defendant has video recording devices throughout its stores and parking lots and possesses a video or DVD recording that captured plaintiff's fall and its aftermath.

12.

As a result of this slip and fall, plaintiff suffered personal injuries to, among other areas, knees, shoulder and back.

13.

As a result of these injuries, plaintiff Diane Collins suffered mental and physical pain; she still suffers with pain and its consequences; and, as far as she now knows, she will always suffer at least somewhat from her multiple injuries.

14.

As a further result of her fall and injuries, plaintiff Diane Collins has to date incurred reasonable and necessary medical expenses for the treatment of her injuries, and her

medical expenses will be itemized in an appropriate amendment to this Complaint.

15.

A proximate cause of the injuries and damages sustained by plaintiff was the negligence of defendant in failing to discharge its responsibilities in regards to inspecting, maintaining the parking lot and approaches of the Wal-Mart store located in Thomaston, Georgia, and its failure to maintain its floors in a safe condition; and defendant was negligent in the following several particulars:

a) in failing to properly inspect the parking lot and approaches of its retail store for the presence of foreign materials or obstructions which would cause unnecessary danger to its patrons;

b) in failing to keep the parking lot and approaches of its retail store free from the presence of foreign materials or obstructions;

c) in failing to properly and regularly inspect the parking lot and approaches of its retail store in the area of plaintiff's fall to insure the area was clean and free of debris or other obstructions, all of which was known to the defendant but was unknown to plaintiff;

d) in failing to warn customers such as plaintiff in its retail store in any way whatsoever of an unsafe condition of its parking lot and approaches on its premises;

e) in failing to take any action whatsoever to announce over its intercom or other systems for an employee to take immediate action to remedy the debris or obstruction at issue or to warn customers of the danger and its location.

16.

At all times pertinent hereto, defendant and its agents and employees had superior knowledge of the unsafe condition of its premises, said condition at all times, prior to her fall, being unknown to plaintiff Diane Collins.

17.

At all times pertinent hereto, plaintiff Diane Collins was exercising ordinary care for her own safety.

WHEREFORE, plaintiff prays the issuance and service of summons in terms of law; that she have trial by jury; and that she have judgment against defendant in an amount to be determined by the enlightened conscience of an impartial jury, and such further relief as to which she may be entitled, together with costs of this action.

**O'NEAL & BROWN, P.C.**
**BY:**

1001 American Federal Building
544 Mulberry Street
Macon, Georgia  31201-2774
(478) 742-8981

s/ Philip M. Brown
Philip M. Brown
State Bar No.: 089120
phil@onealbrownlaw.com

s/ Christopher J. Thompson
Christopher J. Thompson
State Bar No. 707559
chris@onealbrownlaw.com

**ATTORNEYS FOR PLAINTIFF**

**TRIAL BY JURY OF TWELVE DEMANDED**